UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEPHEN L. HALL,

        Petitioner,               Case No. 1:13-cv-621

v.                                       Honorable Janet T. Neff

KENNETH ROMANOWSKI,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Stephen L. Hall presently is incarcerated at the Macomb Correctional Facility. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b. On November 13, 2002, he was sentenced to two terms of 15 to 30 years' imprisonment.

Petitioner appealed his convictions to the Michigan Court of Appeals. In the brief filed by counsel, Petitioner raised two grounds: (1) he was deprived of his Fifth and Fourteenth Amendment rights to due process when his exercise of his right to counsel was exposed to the jury; and (2) he was deprived of his Fifth and Fourteenth Amendment rights to due process and his Sixth Amendment right to the effective assistance of counsel when his attorney failed to seek the retention of a DNA expert. Petitioner also was permitted to file a Standard 11 supplemental brief, in which he raised the following additional ground: counsel was ineffective for failing to conduct a pretrial investigation and for failing to file a motion to suppress the unlawful search of Petitioner's home and subsequent seizure of various items. During the pendency of his appeal, Petitioner filed a motion seeking a new trial and an evidentiary hearing on the ineffective-assistance-of-counsel claim, which was denied by the trial court on June 20, 2003. In an unpublished opinion issued June 1, 2004, the court of appeals affirmed the convictions. Petitioner sought leave to appeal to the Michigan Supreme Court, which was denied on December 29, 2004.

On August 25, 2006, Petitioner filed a "Motion to Vacate a Void Judgment," which the trial court construed as a motion for relief from judgment under MICH. CT. R. 6.502. The trial court denied the motion on the merits on January 18, 2007. Petitioner did not appeal the trial court's

decision to deny the motion. On June 1, 2012, Petitioner filed a motion for relief from judgment in the trial court, arguing that his appellate counsel was ineffective in failing to adequately investigate and assist Petitioner in filing an evidentiary motion on the supplemental claims of unlawful search and seizure and ineffective assistance of trial counsel. Petitioner's motion was rejected on June 4, 2012, as an improper second motion for relief from judgment under MICH. CT. R. 6.502(G)(1).

Petitioner filed his initial habeas petition in this Court on or about May 30, 2013.[1]

II. <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 30, 2013, and it was received by the Court on June 7, 2013. Thus, it must have been handed to prison officials for mailing at some time between May 30 and June 7, 2013. For purposes of this report and recommendation, the undersigned has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's amended habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on December 29, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, March 29, 2005.

Petitioner had one year, or until March 29, 2006, in which to file his habeas application. Petitioner filed on May 30, 2013. Obviously, absent tolling, he filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired on March 29, 2006, his collateral motions filed on August 25, 2006, and June 4, 2012, did not serve to revive the limitations period.[3]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner

---

[3]Petitioner's 2012 motion also fails to toll the limitations period because it was not "properly filed." An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Petitioner's 2012 motion was rejected because it was a second motion for relief from judgment, which was prohibited by MICH. CT. R. 6.502(G)(1) (providing that, after August 1, 1995, only one motion for relief from judgment may be filed with regard to a conviction). Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11).

bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at, 401.  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues that he should be entitled to equitable tolling because his motions for new trial and for an evidentiary hearing on his claims of ineffective assistance of counsel were never considered on appeal, ostensibly due to the ineffective assistance of counsel.  A "garden variety claim of excusable neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling.  *Holland*, 130 S. Ct. at 2564.  However, a serious instance of attorney misconduct may, in limited cases, rise to the level of an extraordinary circumstance for purposes of equitable tolling.  *Id.* at 2564.  Nevertheless, even assuming for purposes of this discussion that Petitioner could show that an extraordinary circumstance stood in the way of his filing a timely petition for some period, he fails entirely to demonstrate the requisite diligence.  Petitioner waited more than one year before he attempted to file his first motion for relief from judgment.  That motion, however, did not challenge the ineffective assistance of appellate counsel.  Instead, Petitioner waited until June 2012, more than six years after his limitations period had expired, to challenge the effectiveness of his appellate counsel in seeking an evidentiary hearing on the

effectiveness of trial counsel. Petitioner's allegations therefore fail to demonstrate the diligence required by *Holland*, 130 S. Ct. at 2562, and *Pace*, 544 U.S. at 418. In addition, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner fails entirely to allege that he is actually innocent, and he proffers no evidence of his innocence, much less evidence that makes it more likely than not that

no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Petitioner therefore is not excused from the statute of limitations under *McQuiggin*, 133 S. Ct. at 1935. His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: August 2, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).