UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN L. HALL,

    Petitioner,                                         Case No. 1:13-cv-621

v.                                                  HON. JANET T. NEFF

KENNETH ROMANOWSKI,

    Respondent.
_____/

## OPINION AND ORDER

This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254 involving Petitioner's claim of ineffective assistance of appellate counsel in violation of the Sixth Amendment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections (Dkt 9) to the Report and Recommendation and Petitioner's supplements to his objections (Dkts 11, 13, 14). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner argues the Magistrate Judge erred in concluding that Petitioner is not entitled to equitable tolling of the limitations period (Pet'r Obj., Dkt 9 at 1; R&R, Dkt 8 at 5-7). Petitioner, who filed his habeas petition more than seven years after the limitations period expired, contends

that "[he] can establish that an extraordinary circumstance stood in his way of timely filing his habeas petition" (Pet'r Obj., Dkt 9 at 1-2). Specifically, Petitioner alleges that he suffers from a disability known as "peripheral neuropathy," which restricts his ability to draft pleadings or other forms of correspondence (*id.* at 2, n.1). Petitioner opines that he "should be excused and allowed to proceed on the merits of his habeas petition . . ." (*id.* at 3). However, the Magistrate Judge reasoned that, "even assuming for purposes of this discussion that Petitioner could show that an extraordinary circumstance stood in the way of his filing a timely petition for some period, he fails entirely to demonstrate the requisite diligence" (R&R, Dkt 8 at 6). Therefore, Petitioner's argument is unavailing, and does not compel a result other than the denial recommended by the Magistrate Judge. *See also Plummer v. Warren*, 463 F. App'x 501, 505 (6th Cir. 2012) (pro se habeas petitioner' physical disabilities did not entitle her to equitable tolling of the limitations period); *see also Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (finding that the petitioner was not entitled to equitable tolling because he was blind and had to rely on others to assist him in accessing the courts).

Alternatively, Petitioner reiterates his argument that he should be entitled to equitable tolling because his February 2004 motions for new trial and for an evidentiary hearing on his claims of ineffective assistance of counsel were never decided by the trial court and never considered on appeal, ostensibly due to the ineffective assistance of counsel (Objs., Dkt 14 at 3-4, 7). However, as the Magistrate Judge pointed out, Petitioner waited until June 2012 to challenge the effectiveness of his appellate counsel; therefore, Petitioner's allegations, even if true, fail to demonstrate the requisite diligence (R&R, Dkt 8 at 6-7).

Having determined that Petitioner's objections lack merit, the Court must further determine

2

pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkts 9, 11, 13, 14) are DENIED and the Report and Recommendation (Dkt 8) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability in this matter is denied.

Dated: January  29 , 2014         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge

3